IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| TRINITY N. TUMBAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06CV00442 |
| BIOMÉRIEUX, INC., | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

OSTEEN, District Judge

Plaintiff Trinity N. Tumban filed this action against Defendant BioMérieux, Inc. alleging wrongful discharge. Pending before this court is Defendant's motion to dismiss. For the reasons stated below, the court will grant Defendant's motion.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant, a manufacturer of medical devices in North Carolina, previously employed Plaintiff in its quality control department. Plaintiff served Defendant as an at-will employee and was discharged after a series of disagreements with her supervisors. According to Plaintiff, Defendant ended her employment once she became a "whistleblower" by pointing out to her supervisors numerous failures in compliance with regulatory guidelines and standards that govern the manufacturing and testing of medical devices.

After her discharge, Plaintiff filed a claim for wrongful termination. Plaintiff originally filed the action in the United States District Court for the District of Maryland. That court, upon determining that Maryland was not the proper forum, transferred the case to this court pursuant to 28 U.S.C. § 1404.

**II. LEGAL STANDARD**

Defendant submitted a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. When analyzing a Rule 12(b)(6) motion, a court is not to decide if a plaintiff will ultimately prevail, but rather must assess whether plaintiff should even be allowed to present evidence of his claim. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969). A court should not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102 (1957). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978). "Nonetheless, the

2

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

**III. ANALYSIS**

Plaintiff claims that she was wrongfully terminated based on two separate grounds: (1) that she was engaged in the protected activity of being a "whistleblower" and (2) that she refused to engage in certain actions that would result in a violation of the law. Generally, the termination of an at-will employee does not give rise to an action for wrongful discharge under North Carolina law. Considine v. Compass Group USA, Inc., 145 N.C. App. 314, 317, 551 S.E.2d 179, 181 (N.C. Ct. App. 2001). The law does provide certain exceptions, "including a prohibition against

3

termination for a purpose in contravention of public policy."[1]
Id.

In order to state a claim for wrongful termination within the aforementioned exception, an at-will employee "has the burden of pleading and proving that the employee's dismissal occurred for a reason that violates public policy." Id. Though there is no specific list of the types of actions that violate public policy, courts have recognized such actions in situations where an "employee was discharged (1) for refusing to violate the law at the employer's request, . . . (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy." (Citations omitted.) Ridenhour v. IBM, 132 N.C. App. 563, 568-69, 512 S.E.2d 774, 778 (N.C. Ct. App. 1999), see also Whitings v. Wolfson Casing Corp., 173 N.C. App. 218, 221, 618 S.E.2d 750 (N.C. Ct. App. 2005).

**A. Plaintiff's "Whistleblower" Status**

---

[1] There are two other recognized exceptions that are inapplicable in this case. The first exception is relevant when the parties "remove the at-will presumption by specifying a definite period of employment contractually." Kurtzman v. Applied Analytical Indus., 347 N.C. 329, 331, 493 S.E.2d 420, 421 (N.C. 1997). The second exception exists when there are federal and state statutes in place that "prohibit[] employers from discharging employees based on impermissible considerations such as the employee's age, race, sex, religion, national origin, or disability, or in retaliation for filing certain claims against the employer." Id.

4

Plaintiff claims that she is the type of person that North Carolina's general public policy seeks to protect because her action of reporting negligent employee conduct to her superiors qualified her as a whistleblower. In support of this argument, Plaintiff references the Sarbanes-Oxley Act and the North Carolina Whistleblower Act.

As Plaintiff mentions in her brief, neither the Sarbanes-Oxley Act nor the North Carolina Whistleblower Act applies in this case. The Sarbanes-Oxley Act only applies to publicly traded companies. 18 U.S.C. § 1514A(a) (2006). Defendant does not fall within the category of a publicly traded company as set out by Sarbanes-Oxley.[2] Id. North Carolina's Whistleblower Act is equally inapplicable. According to the express language of the statute, the Act only serves to protect state employees from retaliation for whistleblowing. N.C. Gen. Stat. § 126-84. Plaintiff, as an employee of a private company, is not the type

---

[2] According to the Sarbanes-Oxley Act, a publicly traded company is one

> with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d)), or any officer, employee, contractor, subcontractor, or agent of such company.

18 U.S.C. § 1514A(a) (2006).

that the state of North Carolina sought to protect under this statute.[3]

Assuming <u>arguendo</u> that the court did decide to expand the protection of the law to whistleblowers in private companies, such protection would not inure to the benefit of Plaintiff. As noted in her brief, Plaintiff identified the term "whistleblowing" as "exposing an official's fault to a third party or to the public." <u>Garcetti v. Ceballos</u>, __ U.S. __, 126 S. Ct. 1951, 1970 (2006). In this case, Plaintiff took no action to expose or report any of the alleged negligent conduct of Defendant or employees outside of the company. Plaintiff, therefore, cannot conceivably qualify as a whistleblower, even in the spirit of the law.[4]

**B. Plaintiff's Refusal to Violate the Law**

---

[3] This court will not expand the protections of a statute to those not envisioned by a legislature absent legislative direction to the contrary. To do otherwise would offend the well-recognized tenet of statutory construction that a "legislature says in a statute what it means and means in a statute what it says there." <u>Dodd v. United States</u>, 545 U.S. 353, 357, 125 S. Ct. 2478, 2482 (2005) (citation and internal quotations omitted).

[4] This court notices that adhering to a strict interpretation of this term is important in order to emphasize the role of a whistleblower. The law in this area is crafted to encourage those employees with special knowledge of wrongdoing to come forth with their information to the proper authorities. Simply reporting violations to superiors is not sufficient to confer whistleblower status on an individual; in fact, this is merely part of the job description of those employed in a management position.

Plaintiff's second basis for her wrongful discharge claim is that Defendant terminated her employment because she chose not to engage in activity that violated the law. In North Carolina, a plaintiff can establish a claim for wrongful termination if the plaintiff alleges that she was terminated for refusing to perform an act that violates the law. See Kurtzman v. Applied Analytical Indus., 347 N.C. 329, 493 S.E.2d 420 (N.C. 1997); Sides v. Duke Hospital, 74 N.C. App. 331, 328 S.E.2d 818 (N.C. Ct. App. 1985). In these types of situations, a wrongful termination occurs when an employer encourages an employee to violate a law, and that employee is fired for refusing to do so. See Sides, 74 N.C. App. 331, 328 S.E.2d 818 (employee wrongfully discharged when employer terminated her in retaliation for truthfully testifying in court); Coman v. Thomas Mfg. Co., 325 N.C. 172, 381 S.E.2d 445 (N.C. 1989) (employer wrongfully discharged the plaintiff for his refusal to violate United States Department of Transportation regulations by operating his vehicle excessive hours and his refusal to falsify records); Amos v. Oakdale Knitting Co., 331 N.C. 348, 416 S.E.2d 166 (N.C. 1992) (employer had wrongfully discharged the plaintiffs for refusing to work for less than the statutory minimum wage in violation of North Carolina public policy as set forth in N.C. Gen. Stat. § 95-25.3).

In this case, Plaintiff alleges that she was fired for her failure to falsify test data in violation of North Carolina

General Statute § 14-254. To support her claim, Plaintiff states that "Defendant BioMérieux's President, Eric Bouvier, would occasionally threaten employees to 'release the product or else,'" and that Defendant's "Human Relations Department worked closely with upper management to discharge employees who complained about product safety." (Compl. ¶¶ 26-27.) These blanket assertions are not sufficient to sustain a claim for wrongful termination. Though Plaintiff's claims may create an inference that some employees might be encouraged to violate a law, at no point do her allegations demonstrate that she was encouraged to do so. Instead, Plaintiff seeks to make out a claim based on the fact that she was fired while an employee who allegedly falsified data was allowed to keep her job. Since Plaintiff's complaint lacks a direct allegation that she refused to violate the law at the Defendant's request, this court finds that she has failed to state a claim for which relief can be granted.

## IV.   CONCLUSION

Despite Plaintiff's contentions to the contrary, this court finds that she fails to assert facts that would allow the court to apply the exception to the at-will employment doctrine. The court will grant Defendant's Motion to Dismiss.

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 13th day of March 2007.

                                            /s/ William L. Osteen
                                            United States District Judge
9